Argued and submitted October 30, affirmed December 12, 2000

Sunnye VANWORMER,
Conservator for Kathy VanWormer, a Minor,
*Appellant,*

*v.*

FARMERS INSURANCE COMPANY
OF OREGON,
*Respondent.*

(C98-1079CV; CA A107106)

15 P3d 612

J. Michael Alexander argued the cause for appellant. On the opening brief were Swanson, Lathen, Alexander & McCann and Michael J. Knapp.

Thomas M. Christ argued the cause for respondent. With him on the brief was Mitchell, Lang & Smith.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

## BREWER, J.

■ Plaintiff appeals from a summary judgment in which the trial court declared that she was not entitled to "stack"[1] the underinsured motorist (UIM) coverage limits of three separate motor vehicle insurance policies issued by defendant. Because the material facts are undisputed, we review for errors of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). We affirm.

Plaintiff is the mother and conservator of Kathy VanWormer. In March 1997, Kathy, then 16, was seriously injured in a two-vehicle collision while riding as a passenger in a car driven by her grandmother. The driver of the other vehicle, Saens, had crossed the centerline and collided head-on with the vehicle in which Kathy was riding. Other people who were injured in the accident also made claims against Saens, whose liability insurance limits were $25,000 per person and $50,000 per accident. Kathy's medical bills exceeded the per person limit of Saens' policy. With defendant's consent, plaintiff settled Kathy's claim against Saens for $22,000, which was paid by Saens' liability insurer. The remainder of the insurer's total liability coverage limit was paid to other accident victims.

Because Kathy was an additional insured under her grandmother's motor vehicle policy issued by one of the State Farm Insurance Companies, plaintiff next made a claim for UIM benefits under that policy. The State Farm policy included a $100,000 per person limit for UIM coverage. State Farm paid the entire amount available under that coverage, $78,000, to settle Kathy's claim. Kathy also was an additional insured under three policies issued by defendant that separately insured three vehicles owned by her parents. Each of defendant's policies was issued for a separate premium, and each carried a $50,000 UIM coverage limit. After settling Kathy's UIM claim against State Farm, plaintiff

---

[1] "Stacking refers to '[t]he process of obtaining benefits from a second [or additional] policy on the same claim when recovery on the first policy alone would be inadequate.'" *Erickson v. Farmers Ins. Co.*, 163 Or App 426, 430, 989 P2d 481 (1999), *rev allowed* 330 Or 361 (2000), *quoting Black's Law Dictionary*, 1412 (7th ed 1999).

sought additional UIM benefits under defendant's policies. According to plaintiff, she was entitled to stack the UIM coverages in all of defendant's policies to achieve a total reservoir of $150,000 in UIM limits. Stacking, if successful, would thus provide Kathy with an additional $50,000 in UIM benefits, the difference between the combined UIM limits of defendant's policies and the UIM limits of the State Farm policy.

■     Defendant denied plaintiff's claim, relying on the following provisions contained in each of its policies:

"3.   Any insurance we provide to an insured person while occupying a vehicle you do not own shall:

"a.   be excess over any other collectible insurance, and

"b.   apply in the amount by which the applicable limit of this coverage exceeds the sum of the applicable limits of all other such insurance.

"4.   If any applicable insurance other than this policy is issued to you or a **family member** by us or any other member company of the Farmers Insurance Group of Companies, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability." (Boldface in original.)

Plaintiff then filed this action against defendant for breach of contract and a declaratory judgment that she is entitled to stack the UIM coverages in each of defendant's policies.[2] The parties filed cross-motions for partial summary judgment on the UIM claims. The trial court granted defendant's motion and denied plaintiff's motion. Plaintiff appeals from the ensuing final judgment entered in favor of defendant under ORCP 67 B.

■     On appeal, plaintiff concedes that the anti-stacking provisions in defendant's policies would, if enforceable, prevent her recovery in this case, because the separate limit of each of those policies is less than the UIM limits of the State Farm policy. However, plaintiff contends that the trial court

_____

[2] Plaintiff's complaint included an additional claim that is not pertinent to this appeal.

erred in its summary judgment rulings, because the anti-stacking provisions are unenforceable. According to plaintiff, those provisions violate the requirements of ORS 742.504, which establishes a complete and comprehensive model policy that may not be varied to the detriment of the insured. *Vega v. Farmers Ins. Co.*, 323 Or 291, 300-01, 918 P2d 95 (1996). In particular, plaintiff asserts that the policy provisions are less favorable than the statutory provision that authorizes the prohibition of stacking for insureds who are injured while occupying nonowned vehicles. ORS 742.504(9)(a). That statute provides:

> "Except as provided in paragraph (c) of this subsection, with respect to bodily injury to an insured while occupying a vehicle not owned by a named insured under this coverage, the insurance under this coverage shall apply only as excess insurance over any other insurance available to such occupant which is similar to this coverage, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance."[3]

Plaintiff argues that "the insurance under this coverage" refers to the UIM coverages of all of defendant's policies, rather than the UIM coverage of any individual policy. Plaintiff also asserts that "any other insurance * * * which is similar to this coverage" refers only to UIM coverage under policies issued by other insurers and does not refer to any other policies issued by defendant. As plaintiff reads the statute, "the applicable limit of liability of this coverage" is $150,000, which exceeds "the sum of the applicable limits of liability of all such other insurance," the $100,000 limit of the State Farm policy. Thus, plaintiff contends that she is entitled to recover benefits in the amount of that excess, $50,000.

Defendant reads the statute differently. It argues that "the insurance under this coverage" refers to the individual UIM limit of any specific policy to which the statute

---

[3] ORS 742.504(9)(c) is an anti-stacking provision that governs injuries incurred while an insured is occupying "a public or livery conveyance." That provision does not apply to the circumstances here.

applies, and that "any other insurance" refers to the UIM coverages of any other policy, including policies issued by the same insurer. In defendant's view, plaintiff may not recover additional UIM benefits, because the limit of that coverage under any of its three policies—$50,000—does not exceed the total limits of other applicable insurance, in this case $200,000 (the sum of the UIM limit of the State Farm policy and the combined UIM limits of defendant's two remaining policies). The parties' disagreement thus presents a problem of statutory construction. We first look to the text and context of the statute to determine its meaning. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). We begin with the parties' arguments about the meaning of the term "this coverage."

■      ORS 742.504(9)(a) provides that "this insurance" applies "only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance." "This coverage" thus has a *limit* of liability, whereas "all such other insurance" policies have *limits*. The legislature's conscious shift from the singular to plural number suggests that it did not contemplate stacking of the coverage "limits" of multiple policies. *See Schuette v. Dept. of Revenue*, 326 Or 213, 217-18, 951 P2d 690 (1997) (the choice of singular or plural number is relevant to determination of legislative intent).

In addition, the formula for determining the availability of UIM benefits contained in subsection (9)(a) undercuts plaintiff's argument. In plaintiff's view, UIM coverage provided by other insurers is not included in "this coverage" but, instead, is "other insurance" that must be subtracted from "this coverage" in order to determine whether additional benefits are available. Plaintiff's construction thus depends on the validity of a statutory distinction between UIM coverage provided under other policies issued by the *same* insurer and UIM coverage provided by *other* insurers. If "this coverage" refers to a *type* of coverage, however, there is no textual basis to limit its scope to coverage in policies issued by a particular insurer. If the legislature had intended such a limitation, it easily could have said so. It did not. *See* ORS 174.010 (the court may not insert terms that are not contained in a statute).

Accordingly, if "this coverage" refers to UIM coverage in general, it would refer to all UIM coverage under which the claimant is an insured. But *if it did*, the formula in the statute would make no sense. The first figure in the calculation would then be the sum of the limits of all UIM coverage under which Kathy is an insured, including the limits of the State Farm coverage, which the parties agree must be *subtracted* from that figure in order to determine whether excess UIM coverage is available. That nonsensical result could not arise if "this coverage" is construed to mean UIM coverage under a particular policy. The statutory calculus thus supports defendant's understanding of the term's meaning.

The same intent is evident from the context of ORS 742.504(9)(a). The preface to ORS 742.504 provides, in part:

> "*Every policy* required to provide *the coverage* specified in ORS 742.502 shall provide uninsured motorist coverage which in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy."[4] (Emphasis added.)

The statute provides uninsured (UM) and UIM coverage requirements for any individual policy to which it applies. It does not specify coverage requirements for clusters or groups of policies. Because "the coverage" required by ORS 742.504 refers to UIM coverage under an individual policy, there is no reason to conclude that "this coverage" has a different meaning in subsection (9)(a).

In sum, we conclude that the reference to "this coverage" contained in ORS 742.504(9)(a) does not require stacking of UIM limits under multiple policies issued by the same insurer.[5] It follows that the statute is not more favorable to plaintiff than policy provisions, like defendant's, that prohibit the stacking of UIM limits by an insured who was injured while occupying a nonowned vehicle. Because those

---

[1] ORS 742.502(4) provides that "[u]nderinsurance coverage shall be subject to ORS 742.504 and 742.542."

[5] In view of that conclusion, we need not address the parties' further disagreement concerning whether any of defendant's policies constitute "other insurance available" to plaintiff under the facts of this case.

provisions are enforceable, the trial court did not err in granting partial summary judgment to defendant and in denying plaintiff's motion for partial summary judgment.

Affirmed.