Argued and submitted January 18, decision of the Court of Appeals reversed, and case remanded to the Court of Appeals for further proceedings March 22, 2001

## Olivia ERICKSON,
*Petitioner on Review,*

*v.*

## FARMERS INSURANCE COMPANY OF OREGON,
an Oregon corporation,
*Respondent on Review.*

## (CC 97C-12315; CA A103338; SC S47182)

21 P3d 90

J. Michael Alexander, of Swanson, Lathen, Alexander & McCann, PC, Salem, argued the cause and filed the briefs for petitioner on review.

L.E. Ashcroft, of Ashcroft, Wiles, LLP, Salem, argued the cause and filed the brief for respondent on review.

DE MUNIZ, J.

## DE MUNIZ, J.

■ Plaintiff was a passenger in a vehicle owned and driven by her ex-husband. That vehicle was involved in a collision with a vehicle operated by Mixon. Plaintiff was injured and was awarded damages of $150,028.23 in an arbitration proceeding. Mixon had no automobile liability insurance. Plaintiff and her ex-husband each had uninsured motorist (UM) coverage in the amount of $100,000 under separate but identical policies issued by defendant. Plaintiff made a claim for UM coverage under both policies. Without specifying under which policy it was paying benefits, defendant paid $100,000 in UM benefits toward satisfaction of the arbitration award. Plaintiff brought this action against defendant to recover the balance of her damages under the UM coverage of each policy. The trial court held that plaintiff could "stack" the UM coverages of the two policies so that she could recover the full amount of her damages.[1] The Court of Appeals reversed. *Erickson v. Farmers Ins. Co.*, 163 Or App 426, 989 P2d 481 (1999). We allowed review and hold that plaintiff is permitted to stack the UM coverages. Accordingly, we reverse the decision of the Court of Appeals.

Three provisions of the policies are relevant. Exclusion 3d provides:

"**Exclusions**

"* * * * *

"3.   This coverage does not apply to **bodily injury** sustained by a person:

"* * * * *

"d.   If the injured person was **occupying** a vehicle you do not own which is insured for this coverage under another policy."

(Boldface type in original.)

---

[1] "Stacking" coverages generally becomes an issue when multiple policies cover the same claim and same loss and the amount available under one policy is inadequate to satisfy the damages alleged or awarded. Lee R. Russ and Thomas F. Segalla, 3D *Couch on Insurance* § 169.4 (1998).

Under the "Other Insurance" section of the UM coverage, paragraph 3 provides, in part:

> "3.   * * * if any other collectible insurance applies to a loss covered by this part, we will pay only our share. Our share is the proportion that our limits of liability bear to the total of all applicable limits."

Paragraph 4 of that section provides:

> "4.   We will not provide insurance for a vehicle other than **your insured car**, unless the owner of that vehicle has no other insurance applicable to this part."[2]

(Boldface type in original.)

■   On review, plaintiff argues that, for a number of related reasons, the policies permit her to stack the UM coverage. Plaintiff first asserts that paragraph 3 of the "other insurance" section unambiguously permits stacking of the UM coverage. She next argues that Exclusion 3d and paragraph 4 are "escape clauses"[3] that deny plaintiff coverage, and that those provisions are unenforceable and must be excluded from the policy.[4] Finally, plaintiff argues that, once the court excludes Exclusion 3d and paragraph 4 from plaintiff's policy, the only applicable provision remaining is paragraph 3, which permits plaintiff to stack the UM coverages.

Defendant does not dispute plaintiff's interpretation of paragraph 3 of the "other insurance" section of the UM coverage. Nor does defendant dispute that Exclusion 3d and paragraph 4 deny coverage to a named insured, such as plaintiff. Rather, defendant asserts that Exclusion 3d and paragraph 4

---

[2] The Court of Appeals found paragraph 5 of the "Other Insurance" section of the policy inapplicable. *Erickson*, 163 Or App at 432-33. Neither party contends otherwise in this court.

[3] A clause in an insurance policy that declares that the insurer is not liable if there is other valid insurance applicable to a claim or loss commonly is referred to as an escape clause. *Lamb-Weston et al v. Ore. Auto. Ins. Co.*, 219 Or 110, 129, 341 P2d 110 (1959).

[4] Plaintiff also makes an alternative argument that Exclusion 3d and paragraph 4 do not apply to a named insured and, thus, do not prevent plaintiff from stacking the UM coverages of the policies under paragraph 3. In light of our holding, we need not address that argument.

are permissible "other insurance" clauses that, by their wording "establish that plaintiff is entitled only to the highest limits issued by and between the two policies." According to defendant, the limit of plaintiff's UM coverage is $100,000, and she has received that amount.

■　　　We begin with the statutory requirements. ORS 742.504(1) to (12) sets out a comprehensive model UM/UIM policy of insurance. *Vega v. Farmers Ins. Co.*, 323 Or 291, 302, 918 P2d 95 (1996). Any UM provisions that are less favorable to an insured than those required under ORS 742.504(1) to (12) are unenforceable against an insured in Oregon. However, an insurer may add terms to an Oregon policy that are neutral or more favorable to the insured than those required by the statutes. *Id.* This court must measure so called "escape clauses" that deny or limit the amount of UM/UIM coverage available to an insured for compliance with the relevant provisions of ORS 742.504(1) to (12). *Id.*

■　　　ORS 742.504(9)(a) and (b) are permissible "other insurance" provisions for insurance contracts that provide UM coverage in Oregon. Paragraphs (9)(a) and (b) provide:

"(a)　Except as provided in paragraph (c) of this subsection, with respect to bodily injury to an insured while occupying a vehicle not owned by a named insured under this coverage, the insurance under this coverage shall apply only as excess insurance over any other insurance available to such occupant which is similar to this coverage, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance.

"(b)　With respect to bodily injury to an insured while occupying or through being struck by an uninsured vehicle, if such insured is an insured under other insurance available to the insured which is similar to this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance or such other insurance, and the insurer shall not be liable under this coverage for a greater proportion of the damages than the applicable limit of liability of this coverage bears to the sum of the applicable limits of liability of this insurance and such other insurance."

Paragraph (9)(a) permits the insurer to limit its UM coverage, when other insurance is available, to "excess coverage" calculated as the amount by which the applicable limit of liability exceeds the applicable limit of other available insurance. Similarly, when other insurance is available, paragraph (9)(b) permits an insurer to limit its UM coverage to an amount of damages deemed not to exceed the higher of the applicable limits of the policies.[5] Insurers need not use the exact statutory wording in their policies so long as the provisions provide the limited coverage required by the statutory terms. *Vega*, 232 Or at 301-02.

■     Exclusion 3d and paragraph 4 deny plaintiff coverage under her own policy in circumstances in which paragraphs 9(a) and (b) mandate some coverage. Thus, Exclusion 3d and paragraph 4 are less favorable to an insured than ORS 742.504(9)(a) and (b) permit. Consequently, those provisions of the policy are unenforceable. *See Thurman v. Signal Insurance Co.*, 260 Or 524, 530, 491 P2d 1002 (1971) (similarly worded exclusion deemed unenforceable because less favorable than permitted by applicable version of UM statutes).

The Court of Appeals held that Exclusion 3d and paragraph 4 were unenforceable. However, the Court of Appeals concluded that the "conditions" section of the policy required the court to amend the policy by replacing Exclusion 3d and paragraph 4 with the coverage terms contained in ORS 742.504(9)(a) and (b). The "conditions" section provides that "policy terms which conflict with laws of Oregon are hereby amended to conform to such laws." Replacing Exclusion 3d and paragraph 4 with ORS 742.504 (9)(a) and (b) created what the Court of Appeals concluded was a repugnancy between those statutory terms and paragraph 3 of the policies. The repugnancy existed, according to the Court of Appeals, because there is no excess coverage or higher policy limit as those concepts appear in paragraphs (9)(a) and (b)

---

[5] Paragraph (9)(b) seemingly is broader in the scope of its application in that it includes coverage when an insured is injured "while occupying or through being struck by an uninsured vehicle" and contains a proportionality clause that paragraph 9(a) does not.

when the policy limits are identical as is the case here. Consequently, coverages under the policies cannot be stacked. *Erickson*, 163 Or App at 434-35. However, under the calculation that paragraph 3 requires, stacking is permitted, because the policy limits are combined and an equal amount from each policy is contributed toward satisfaction of an insured's loss.

Having found that the statutory terms and paragraph 3 were repugnant, the Court of Appeals applied ORS 742.506:

> "Notwithstanding the contrary provisions of any policy, the provisions of ORS 742.504(9)(a) to (c) shall control allocation of responsibility between insurers, except that if all policies potentially involved expressly allocate responsibility between insurers, * * * without repugnancy, then the terms of the polices shall control."

As noted above, ORS 742.504(9)(a) and (b) limit plaintiff's recovery to $100,000, because the policy limits are identical.

Plaintiff argues that the Court of Appeals incorrectly replaced Exclusion 3d and paragraph 4 with the provisions of ORS 742.504(9)(a) and (b), and that the court compounded its error by applying ORS 742.506 when neither party had cited nor relied on that statute at any stage of the proceedings. We need not address plaintiff's latter argument, because we agree with plaintiff that the Court of Appeals should not have replaced Exclusion 3d and paragraph 4 with the provisions of ORS 742.504(9)(a) and (b).

Exclusion 3d and paragraph 4 are unenforceable, because those provisions deny plaintiff coverage when the UM statutes mandate some coverage. However, the remaining policy terms provide coverage. Nothing more is required to conform the policy to Oregon law. Thus, there is no reason to replace the unenforceable provisions that denied plaintiff coverage with the statutory provisions. Absent the insertion of the statutory terms, there is no repugnancy between the policies and, consequently, there is no reason to apply ORS 742.506. The Court of Appeals erred when it replaced Exclusion 3d and paragraph 4 with the limited coverage provisions of paragraphs 9(a) and (b) of ORS 742.504.

■■ Insurers are free to provide in their policies "other insurance" clauses more favorable to the insured than the limited coverage required in ORS 742.504(9)(a) and (b). *See Vega*, 323 Or at 302 (so stating). Defendant did precisely that in paragraph 3 of its "other insurance" section. Defendant does not deny that paragraph 3 requires it to pay, as its share of an insured's loss, "the proportion that our limits of liability bear to the total of all applicable limits." The total of all applicable limits under the two policies is $200,000. Plaintiff's total loss under the arbitration award was $150,028.23. Therefore, defendant is obligated to pay $75,014.12 in UM benefits under each policy. Defendant has paid only $100,000. Accordingly, the trial court correctly entered judgment in favor of plaintiff in the amount of $50,028.23.

Because of its disposition on the merits, the Court of Appeals did not address defendant's contention regarding the reasonableness of the attorney fees that the trial court awarded to plaintiff. That issue is revived by our decision today. Accordingly, we remand the case to the Court of Appeals to consider that issue.

The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.