Argued and submitted November 13, 2006, affirmed June 13, 2007

Roberta HEFFNER
and George Heffner,
*Plaintiffs-Appellants,*

*v.*

FARMERS INSURANCE COMPANY OF OREGON
and Mid-Century Insurance Company,
*Defendants-Respondents.*

Jackson County Circuit Court
040301L7; A128277

162 P3d 277

Kathryn H. Clarke argued the cause for appellants. With her on the briefs was Michael Brian.

Thomas M. Christ argued the cause for respondents. With him on the brief was Dennis W. Percell.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiffs are the parents of a minor daughter who was injured in an automobile accident. The daughter suffered $100,000 in noneconomic damages, and her parents paid $50,000 in medical expenses for her injuries. The driver who caused the accident was underinsured—that is, his insurance was not sufficient to cover the damages. Defendants are the insurance companies that issued a total of three motor vehicle insurance policies to plaintiffs for vehicles that were not involved in their daughter's accident. Each of the three policies contains a provision for underinsured motorist (UIM) coverage up to $100,000 "per person," subject to a provision that prohibits tapping into other policies to obtain benefits in excess of the limits of the single policy with the highest limit. Defendants agreed that they are obligated to provide UIM coverage up to the coverage limit of $100,000 for the daughter's noneconomic damages expenses, and they paid those benefits. Defendants contend that they have no obligation to cover the $50,000 that plaintiffs spent on their daughter's medical expenses because their UIM coverage was exhausted. Plaintiffs contend that they are entitled to coverage for the medical expenses. The trial court agreed with defendants and entered judgment accordingly. Plaintiffs appeal, and we affirm.

The facts, as stipulated by the parties, are as follows. Plaintiffs obtained liability insurance coverage on each of their three vehicles. Defendant Farmers Insurance Company issued a policy for each of two of the vehicles, while defendant Mid-Century Insurance Company—a member of theFarmers Insurance Group of Companies—issued a policy for the third vehicle. All three policies contain identical provisions. Each provides underinsured motorist coverage up to $100,000 "for bodily injury sustained by any person in any one occurrence." The policies further provide that "[t]he limit for 'each person' is the maximum for bodily injury sustained by any person in any one occurrence."

The coverage in each of the three policies is subject to the following "other insurance" clauses:

"2. Any insurance we provide to an insured person while occupying a vehicle you do not own shall:

"a. be excess over any other valid and collectible insurance, and

"b. apply in the amount by which the applicable limit of this coverage exceeds the sum of the applicable limits of all other such insurance.

"3. If any applicable insurance other than this policy is issued to you or a family member by us or any other member company of the Farmers Insurance Group of Companies, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability."

While the policies were in force, plaintiffs' 15-year-old daughter, Kayla, was injured in an motor vehicle accident. She was one of 12 passengers in a van—not one of plaintiffs' three vehicles—that overturned and injured a number of the passengers. Her parents incurred medical expenses of $50,000, and Kayla further suffered noneconomic loss of $100,000. The owner of the van had liability insurance that covered the driver, with a total policy limit of $1,000,000. Because of the number of passengers injured in the accident, however, that amount was not sufficient to cover Kayla's and her parents' losses.

Kayla submitted a claim to defendants for UIM benefits under plaintiffs' Farmers and Mid-Century policies. Plaintiffs also brought their own claims, seeking reimbursement for Kayla's medical expenses. Defendants denied both claims.

Kayla and plaintiffs then initiated an action against defendants for breach of contract. They alleged that they are entitled to UIM benefits under each of the three policies that defendants issued. Defendants agreed that Kayla is entitled to an award of $100,000 for her noneconomic losses. They contended, however, that they are not required to cover the $50,000 for Kayla's medical expenses that plaintiffs paid. Defendants reasoned that the policies provided for coverage only to an insured who sustained bodily injury. According to

defendants, plaintiffs are insureds, but they suffered no bodily injury, while Kayla, who is also an insured and who suffered bodily injury, cannot recover benefits for medical expenses that she did not personally incur. In the alternative, defendants argued that, even if UIM benefits are otherwise available, they cannot be paid in this case because of the other insurance limitations in each of the policies. The trial court agreed with defendants on both arguments and entered judgment in favor of defendants on the claim for medical expenses.

Plaintiffs appeal; Kayla does not. Plaintiffs contend that the trial court erred both in concluding that they are not entitled to UIM coverage at all and in concluding that, even if they are entitled to coverage, no further benefits are available. Defendants contend that the trial court was correct in both respects. We need not address the first of plaintiffs' two contentions because, even assuming for the sake of argument that plaintiffs are otherwise entitled to UIM coverage for the $50,000 in medical expenses, the fact remains that, under the express terms of each of defendants' policies, there are no benefits left to pay beyond the $100,000 that defendants agreed to pay.

As we have noted, each of the three policies at issue provides that the $100,000 limit of liability for "each person" is "the maximum for bodily injury sustained by any person in any one occurrence." Defendants contend that, in this case, there was only one "occurrence"—the motor vehicle accident in which Kayla was injured—and only one "person" who suffered a bodily injury. Consequently, defendants contend, the maximum payable for that occurrence for injury to that one person is $100,000. Plaintiffs concede that the "each person" limit would apply to their recovery under any single policy. They insist, however, that that limit does not prevent them from claiming up to the same amount under each of the other policies when the limits of one have been exhausted.

Defendants respond that the "other insurance" provisions of the policies do prevent precisely that from occurring. Plaintiffs concede the applicability of the other insurance provisions. They argue that the provisions are simply

unenforceable because they are inconsistent with what, in their view, the law requires.

■        ORS 742.504(1) to (12) sets out comprehensive "model" policy provisions concerning uninsured and under-insured motorist coverage. *Vega v. Farmers Ins. Co.*, 323 Or 291, 302, 918 P2d 95 (1996).[1] Any UIM provisions that are less favorable to an insured than those required under the statute are unenforceable as against an insured in this state. *See Erickson v. Farmers Ins. Co.*, 331 Or 681, 685, 21 P3d 90 (2001) (UM provisions that are less favorable to insured than what statute requires are unenforceable).

ORS 742.504(9) (2003) bears on the validity of the provisions at issue in this case. That subsection provides:

"(a)    * * * with respect to bodily injury to an insured while occupying a vehicle not owned by a named insured under this coverage, the insurance under this coverage shall apply only as excess insurance over any other insurance available to such occupant which is similar to this coverage, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance.

"(b)    * * * [I]f such insured is an insured under other insurance available to the insured which is similar to this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance or such other insurance, and the insurer shall not be liable under this coverage for a greater proportion of the damages than the applicable limit of liability of this coverage bears to the sum of the applicable limits of liability of this insurance and such other insurance."

Defendants' policies include two "other insurance" provisions that essentially mirror the two quoted sections of ORS 742.504. First, paragraph 2 of the policies provides that UIM coverage on an unowned vehicle applies only to the extent that the limit of the policy containing the clause exceeds the combined limits of any other applicable policies.

---

[1] ORS 742.504 actually applies, by its terms, to uninsured motorist coverage only. ORS 742.502(4), however, provides that "[u]nderinsurance coverage is subject to ORS 742.504[.]"

Plaintiffs concede that the wording of paragraph 2 "does track the statutory language." There is no issue about whether paragraph 2 is enforceable; the issue is whether it limits defendants' liability.

Read literally, the wording of paragraph 2 suggests that, in this case, *no* policy actually applies (as all three policies have the same limit and none exceeds the combined limits of any other). Defendants nevertheless concede that, notwithstanding that possible argument, one policy does apply, and they have paid the limit of that policy. Plaintiffs argue that, even though defendants have paid the limits of one policy, nothing in paragraph 2 precludes defendants from providing additional coverage, either from one of the other policies or from each of the three policies on a *pro rata* basis. Defendants aver that, if nothing in paragraph 2 speaks to that issue, paragraph 3 expressly does.

■     Paragraph 3 of the policy provides that,

> "[i]f any applicable insurance other than this policy is issued to you or a family member by us or any other member company of the Farmers Insurance Group of Companies, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability."

Under that provision, because defendants have paid the "each person" limit of one policy for Kayla's injuries, no further benefits are available under the other policies. Plaintiffs acknowledge that that is the significance of paragraph 3. Thus, in contrast to the arguments about paragraph 2, there is no issue about the meaning of paragraph 3 and, instead, the issue is whether paragraph 3 is enforceable.

We addressed that issue—at least in part—in *VanWormer v. Farmers Ins. Co.*, 171 Or App 450, 15 P3d 612 (2000), in which we upheld the identical provision of a Farmers Insurance Company insurance policy against a challenge that it is unenforceable under ORS 742.504(9)(a). The question remains whether the provision is consistent with ORS 742.504(9)(b). We conclude that it is.

ORS 742.504(9)(b) consists of two limitations that apply to cases in which an insured suffers bodily injury

caused by the driver of an uninsured or underinsured vehicle and there is more than one insurer involved. First, the statute imposes a limit on the total amount of coverage that the insured may receive. That limit consists of "the higher of the applicable limits of this insurance or such other insurance as may otherwise apply. *See Erickson*, 331 Or at 686 ("[P]aragraph (9)(b) [of ORS 742.504] permits an insurer to limit its UM coverage to an amount of damages deemed not to exceed the higher of the applicable limits of the policies."). Second, the statute imposes a limit on the amount any single insurer must contribute to that total. That limit is expressed in terms of a fraction, *viz.*, the limits of a single policy divided by the "sum of the applicable limits of liability of this insurance and such other insurance."

In this case, paragraph 3 provides that the amount payable under defendants' policies cannot exceed the highest limit under any single policy. That is precisely what the first of the two limits stated in ORS 742.504(9)(b) states. There is no inconsistency between the two provisions.

Plaintiffs insist that paragraph 3 conflicts with the other limitation in ORS 742.504(9)(b). According to plaintiffs, that provision requires multiple insurers to prorate their insurance coverage. Plaintiffs' reading of the statute, however, suffers from at least two flaws. To begin with, it ignores the wording of the statute, which clearly imposes a *limit* on an insurer's liability and does not affirmatively require apportionment. Aside from that, the argument ignores the first of the limitations in the statute, namely, the limit on the total amount of coverage that an insured can receive. Under the terms of the statute, that limit is the highest limit of any applicable policy. In this case, the applicable policy limit is $100,000 for each person, that is, the "maximum for bodily injury sustained by any person in any one occurrence," and Kayla received $100,000.

Plaintiffs argue that the fact that Kayla received $100,000 should not preclude them, as separate insureds, from recovering up to the $100,000 limits for their separate claim for medical expenses. As we have just noted, however, each policy provides that the $100,000 is the "maximum for bodily injury sustained by any person in any one occurrence."

Plaintiffs' claim for Kayla's medical expenses arises out of the same bodily injury that is the basis for Kayla's claim for—and receipt of—$100,000. As a result, even though plaintiffs may be insureds under the policy, that does not mean that they can recover insurance benefits beyond the policy limits of $100,000.

Affirmed.