Jeffrey SMITH, Karen Smith, and Kelsey Smith, Plaintiffs–Appellees–Cross–Appellants,

v.

GUIDEONE MUTUAL INSURANCE COMPANY, an Iowa corporation, Defendant–Appellant–Cross Appellee.

Nos. 07–35763, 07–36043, 07–36062.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2009.

Filed June 8, 2009.

Dennis H. Black, Esquire, Black, Chapman, Webber, Stevens, Petersen & Lundblade, Medford, OR, for Plaintiffs–Appellees–Cross–Appellants.

Holly Pettit, Esquire, Beth R. Skillern, Esquire, Bullivant Houser Bailey, PC, Portland, OR, Michael J. Brady, Ropers, Majeski, Kohn & Bentley, Redwood City, CA, for Defendant–Appellant–Cross Appellee.

Before: W. FLETCHER and IKUTA, Circuit Judges, and SEABRIGHT,[*] District Judge.

## MEMORANDUM [**]

Plaintiff Kelsey Smith and others were injured in a single-vehicle accident when youth pastor Jeremy Lynn Hascall ("Hascall") fell asleep at the wheel and crashed Ashland Christian Fellowship's van carrying fifteen passengers. The van was insured by a policy issued by Defendant GuideOne Mutual Insurance Company ("GuideOne"). Plaintiffs Jeffrey, Karen, and Kelsey Smith ("the Smiths") sued GuideOne in this diversity action seeking underinsured motorist coverage. GuideOne appeals the district court's summary judgment order finding that the Smiths are entitled to underinsured motorist coverage under the policy. GuideOne also appeals the district court's order granting the Smiths attorneys' fees, and the Smiths cross-appeal the attorneys' fees award.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

(a)

We review the district court's grant of summary judgment de novo. *Flint v. Dennison*, 488 F.3d 816, 825–26 (9th Cir. 2007).

First, we find that *Mid–Century Insurance Co. v. Perkins*, 344 Or. 196, 179 P.3d 633 (2008),—decided after the district court entered its summary judgment order—is wholly distinguishable from the instant case.

■ *Perkins* examined the text and context of Oregon Revised Statute ("ORS") 742.502(2)(a) in a single claimant situation and held that "an underinsured motorist is a motorist who is insured for an amount that is less than the policy limits of the insured's uninsured motorist coverage." 344 Or. at 218, 179 P.3d at 645. GuideOne argues that, under *Perkins*, Hascall is not an "underinsured motorist" because his liability policy limits equal the insured's underinsured motorist policy limits. Nothing in *Perkins*, however, indicates that it applies to a multiple claimant case such as this one. To the contrary, the Court of Appeals of Oregon—affirmed by *Perkins*—explicitly noted that it was *not* interpreting ORS 742.502 in the context of multiple claimants, which is governed by *Takano v. Farmers Insurance Co. of Oregon*, 184 Or.App. 479, 56 P.3d 491 (2002). *See Mid–Century Ins. Co. v. Perkins*, 209 Or.App. 613, 626, 149 P.3d 265, 271 (2006); *State v. Hendon*, 222 Or.App. 97, 102–03, 194 P.3d 149, 153 (2008) (stating that where Oregon Supreme Court affirms the Oregon Court of Appeals on different grounds, the intermediate holding "remains good law"). Under these circumstances, we do not believe that Oregon law

---

[*] The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

requires application of *Perkins* to a multiple claimant situation.

■ Second, we find that the district court correctly determined that policy provision D.2.b is not enforceable under Oregon law. Oregon requires insurers to provide underinsured motorist coverage consistent with its statutory scheme. *See* ORS 742.502, 742.504. ORS 742.502(1) to (12) sets forth a comprehensive model policy that may be varied by an insurer "only in the sense that terms that disfavor insureds may be excluded or softened and extraneous terms that are neutral or that favor insureds may be added." *Vega v. Farmers Ins. Co.*, 323 Or. 291, 302, 918 P.2d 95, 101 (1996). To determine if a provision disfavors insureds, *Vega* requires a broad comparison of the general coverage under the model provisions with the challenged policy—merely examining whether the claimant would recover under each policy based on the particular facts is not determinative. *See id.* at 302, 918 P.2d at 101. "Any [policy] provisions that are less favorable to an insured than [the model policy provisions] required under ORS 742.504(1) to (12) are unenforceable." *Erickson v. Farmers Ins. Co. of Or.*, 331 Or. 681, 685, 21 P.3d 90, 93 (2001). Based upon the record before us, we conclude that the district court properly determined that policy provision D.2.b provided less favorable coverage to insureds than Oregon's statutory scheme and, therefore, was unenforceable.

The dissent correctly notes that Oregon's statutory scheme does not require underinsured motorist coverage where an insured vehicle gets into a one car accident. ORS 742.502(2)(e). GuideOne, however, failed to include the model definition of an "uninsured vehicle" in its policy and instead added the less favorable, generally applicable "limit of insurance" provision D.2.b. GuideOne may not omit a model provision, add a provision that is generally less favorable to insureds and thereby unenforceable, and then prevail because had it added the model provision in the first instance the claimant would not be entitled to benefits. *See Vega*, 323 Or. at 293–94, 302–03, 918 P.2d at 96–97, 101 (not taking model statute of limitations provision into account in finding challenged provision unenforceable).

(b)

■ We review an award of attorneys' fees for abuse of discretion. *V.S. ex rel. A.O. v. Los Gatos–Saratoga Joint Union High Sch. Dist.*, 484 F.3d 1230, 1232 (9th Cir.2007).

The district court did not abuse its discretion by refusing to award attorneys' fees in the amount set forth in the contingency fee agreement. The district court correctly applied Oregon law by considering all of the relevant factors under ORS 20.075—including that the fee was contingency based—in determining a reasonable attorneys' fee. Although the Smiths argue that the district court erred by giving "lip service to the state law standard" but actually applying the federal lodestar approach, there is absolutely no indication in the record that the district court applied the federal standard. To the contrary, the district court awarded more than twice what the Smiths would have received under the federal approach. Because the district court applied the appropriate Oregon law governing attorneys' fees and considered all of the relevant factors, the district court did not abuse its discretion in setting the fee at $50,000.00.

**AFFIRMED.**

IKUTA, Circuit Judge, dissenting:

Under Oregon law, every car insurance policy must include an endorsement providing uninsured-motorist coverage for accidents caused by an uninsured vehicle.

Or.Rev.Stat. § 742.502 (setting forth the scope of the required coverage). Not surprisingly, Oregon law does not require insurance companies to provide uninsured-motorist coverage when an insured vehicle gets into a one-car accident. Or.Rev.Stat. § 742.504. Indeed, section 742.504(2)(e) makes clear this is not required: It defines an "uninsured vehicle" as one that is not the insured vehicle. GuideOne's insurance policy also did not provide uninsured motorist coverage for the one-car accident at issue here. Under section D.2.b of the policy, once the insurance company pays out the entire $1 million limit of the policy for an accident (as GuideOne did in this case), the company has no further obligation for that accident. Accordingly, GuideOne's policy is not less favorable than the Oregon statute. *See Vega v. Farmers Ins. Co. of Or.*, 323 Or. 291, 918 P.2d 95, 100 (1996) (holding that an insurance company cannot provide uninsured-motorist coverage that is "less favorable to the insured" than that required under section 742.504(1) to (12), and that such determination must be made on a "policy-to-policy comparison of favorableness"). Because neither the model policy nor GuideOne's policy provides coverage for the insured's one-car accident, GuideOne's policy passes muster under Oregon law.

The majority holds otherwise, however, because GuideOne's policy does not include the specific language in section 742.504(2)(e) defining an uninsured motor vehicle as not including an insured motor vehicle. But GuideOne's different approach to limiting the scope of its policy with respect to this one-car accident does not make its policy less favorable to the insured. Section 742.504 of the Oregon Revised Statutes even states that "nothing contained in this section shall require the insurer to reproduce in such policy the particular language of any of the following provisions."

If the plain language of the Oregon statute and the GuideOne insurance policy are not enough to compel the conclusion that uninsured motorist coverage is not applicable to this one-car accident, *Mid–Century Insurance Co. v. Perkins*, 344 Or. 196, 179 P.3d 633 (2008) requires us to reach the same conclusion. *Perkins* held, in the context of a two-car accident, that the at-fault motorist was not "uninsured" where the coverage provided by the at-fault motorist's policy was equal to the coverage provided by the insured's policy. *Id.* at 645. Here, Smith claims that the insured vehicle is also the uninsured vehicle. Because the GuideOne policy for the single vehicle at issue must be equal to itself, the vehicle in this case cannot be uninsured under the rule set forth in *Perkins*.

The majority states, however, that *Perkins* does not apply to a multiple-claimant case such as this one, but rather that the analysis is controlled by *Takano v. Farmers Insurance Co. of Oregon*, 184 Or.App. 479, 56 P.3d 491 (2002). Yet, *Takano* is inapposite, because in that case the multiple victims of a two-car crash recovered from the at-fault motorist's insurance policy. The question before the court was whether the victims could also recover from the victims' own uninsured motorist endorsement. *Id.* at 492. In that context, *Takano* held that the at-fault motorist was underinsured because the victims' damages exceeded the amount of the at-fault motorist's insurance coverage and, therefore, the victims could recover from their own uninsured-motorist endorsement. *Id.* at 494. Here, the multiple victims have already recovered from their own insurance policy up to its limit of liability; nothing in *Takano* suggests that once victims have recovered the full amount of their liability policy, they are then entitled to recover a second time from their policy's uninsured motorist endorsement.

In sum, because this case concerns a one-car accident, and because GuideOne's policy, including provision D.2.b, is not less favorable than Oregon's model policy, Smith was not entitled to uninsured motorist coverage. The majority's determination that an insured in a one-car accident can recover not only the full amount of liability coverage under the policy, but also uninsured motorist coverage under the same policy, is inconsistent with both the policy and the Oregon statute. Therefore, I respectfully dissent.