MEMORANDUM **
Plaintiff Kelsey Smith and others were injured in a single-vehicle accident when youth pastor Jeremy Lynn Hascall (“Has-call”) fell asleep at the wheel and crashed Ashland Christian Fellowship’s van carrying fifteen passengers. The van was insured by a policy issued by Defendant GuideOne Mutual Insurance Company (“GuideOne”). Plaintiffs Jeffrey, Karen, and Kelsey Smith (“the Smiths”) sued Gui-deOne in this diversity action seeking un-derinsured motorist coverage. GuideOne appeals the district court’s summary judgment order finding that the Smiths are entitled to underinsured motorist coverage under the policy. GuideOne also appeals the district court’s order granting the Smiths attorneys’ fees, and the Smiths cross-appeal the attorneys’ fees award.
We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
(a)
We review the district court’s grant of summary judgment de novo. Flint v. Dennison, 488 F.3d 816, 825-26 (9th Cir.2007).
First, we find that Mid-Century Insurance Co. v. Perkins, 344 Or. 196, 179 P.3d 633 (2008), — decided after the district court entered its summary judgment order — is wholly distinguishable from the instant case.
Perkins examined the text and context of Oregon Revised Statute (“ORS”) 742.502(2)(a) in a single claimant situation and held that “an underinsured motorist is a motorist who is insured for an amount that is less than the policy limits of the insured’s uninsured motorist coverage.” 344 Or. at 218, 179 P.3d at 645. GuideOne argues that, under Perkins, Hascall is not an “underinsured motorist” because his liability policy limits equal the insured’s underinsured motorist policy limits. Nothing in Perkins, however, indicates that it applies to a multiple claimant case such as this one. To the contrary, the Court of Appeals of Oregon — affirmed by Perkins — explicitly noted that it was not interpreting ORS 742.502 in the context of multiple claimants, which is governed by Takano v. Farmers Insurance Co. of Oregon, 184 Or.App. 479, 56 P.3d 491 (2002). See Mid-Century Ins. Co. v. Perkins, 209 Or.App. 613, 626, 149 P.3d 265, 271 (2006); State v. Hendon, 222 Or.App. 97, 102-03, 194 P.3d 149, 153 (2008) (stating that where Oregon Supreme Court affirms the Oregon Court of Appeals on different grounds, the intermediate holding “remains good law”). Under these circumstances, we do not believe that Oregon law *609 requires application of Perkins to a multiple claimant situation.
Second, we find that the district court correctly determined that policy provision D.2.b is not enforceable under Oregon law. Oregon requires insurers to provide underinsured motorist coverage consistent with its statutory scheme. See ORS 742.502, 742.504. ORS 742.502(1) to (12) sets forth a comprehensive model policy that may be varied by an insurer “only in the sense that terms that disfavor insureds may be excluded or softened and extraneous terms that are neutral or that favor insureds may be added.” Vega v. Farmers Ins. Co., 323 Or. 291, 302, 918 P.2d 95, 101 (1996). To determine if a provision disfavors insureds, Vega requires a broad comparison of the general coverage under the model provisions with the challenged policy — merely examining whether the claimant would recover under each policy based on the particular facts is not determinative. See id. at 302, 918 P.2d at 101. “Any [policy] provisions that are less favorable to an insured than [the model policy provisions] required under ORS 742.504(1) to (12) are unenforceable.” Erickson v. Farmers Ins. Co. of Or., 331 Or. 681, 685, 21 P.3d 90, 93 (2001). Based upon the record before us, we conclude that the district court properly determined that policy provision D.2.b provided less favorable coverage to insureds than Oregon’s statutory scheme and, therefore, was unenforceable.
The dissent correctly notes that Oregon’s statutory scheme does not require underinsured motorist coverage where an insured vehicle gets into a one car accident. ORS 742.502(2)(e). GuideOne, however, failed to include the model definition of an “uninsured vehicle” in its policy and instead added the less favorable, generally applicable “limit of insurance” provision D.2.b. GuideOne may not omit a model provision, add a provision that is generally less favorable to insureds and thereby unenforceable, and then prevail because had it added the model provision in the first instance the claimant would not be entitled to benefits. See Vega, 323 Or. at 293-94, 302-03, 918 P.2d at 96-97, 101 (not taking model statute of limitations provision into account in finding challenged provision unenforceable).
(b)
We review an award of attorneys’ fees for abuse of discretion. V.S. ex rel. A.O. v. Los Gatos-Saratoga Joint Union High Sch. Dist., 484 F.3d 1230, 1232 (9th Cir.2007).
The district court did not abuse its discretion by refusing. to award attorneys’ fees in the amount set forth in the contingency fee agreement. The district court correctly applied Oregon law by considering all of the relevant factors under ORS 20.075 — including that the fee was contingency based — in determining a reasonable attorneys’ fee. Although the Smiths argue that the district court erred by giving “lip service to the state law standard” but actually applying the federal lodestar approach, there is absolutely no indication in the record that the district court applied the federal standard. To the contrary, the district court awarded more than twice what the Smiths would have received under the federal approach. Because the district court applied the appropriate Oregon law governing attorneys’ fees and considered all of the relevant factors, the district court did not abuse its discretion in setting the fee at $50,000.00.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.