IKUTA, Circuit Judge,
dissenting:
Under Oregon law, every car insurance policy must include an endorsement providing uninsured-motorist coverage for accidents caused by an uninsured vehicle. *610 Or.Rev.Stat. § 742.502 (setting forth the scope of the required coverage). Not surprisingly, Oregon law does not require insurance companies to provide uninsured-motorist coverage when an insured vehicle gets into a one-car accident. Or.Rev.Stat. § 742.504. Indeed, section 742.504(2)(e) makes clear this is not required: It defines an “uninsured vehicle” as one that is not the insured vehicle. GuideOne’s insurance policy also did not provide uninsured motorist coverage for the one-car accident at issue here. Under section D.2.b of the policy, once the insurance company pays out the entire $1 million limit of the policy for an accident (as GuideOne did in this case), the company has no further obligation for that accident. Accordingly, Gui-deOne’s policy is not less favorable than the Oregon statute. See Vega v. Farmers Ins. Co. of Or., 323 Or. 291, 918 P.2d 95, 100 (1996) (holding that an insurance company cannot provide uninsured-motorist coverage that is “less favorable to the insured” than that required under section 742.504(1) to (12), and that such determination must be made on a “policy-to-policy comparison of favorableness”). Because neither the model policy nor GuideOne’s policy provides coverage for the insured’s one-car accident, GuideOne’s policy passes muster under Oregon law.
The majority holds otherwise, however, because GuideOne’s policy does not include the specific language in section 742.504(2)(e) defining an uninsured motor vehicle as not including an insured motor vehicle. But GuideOne’s different approach to limiting the scope of its policy with respect to this one-car accident does not make its policy less favorable to the insured. Section 742.504 of the Oregon Revised Statutes even states that “nothing contained in this section shall require the insurer to reproduce in such policy the particular language of any of the following provisions.”
If the plain language of the Oregon statute and the GuideOne insurance policy are not enough to compel the conclusion that uninsured motorist coverage is not applicable to this one-car accident, Mid-Century Insurance Co. v. Perkins, 344 Or. 196, 179 P.3d 633 (2008) requires us to reach the same conclusion. Perkins held, in the context of a two-car accident, that the at-fault motorist was not “uninsured” where the coverage provided by the at-fault motorist’s policy was equal to the coverage provided by the insured’s policy. Id. at 645. Here, Smith claims that the insured vehicle is also the uninsured vehicle. Because the GuideOne policy for the single vehicle at issue must be equal to itself, the vehicle in this case cannot be uninsured under the rule set forth in Perkins.
The majority states, however, that Perkins does not apply to a multiple-claimant case such as this one, but rather that the analysis is controlled by Takano v. Farmers Insurance Co. of Oregon, 184 Or.App. 479, 56 P.3d 491 (2002). Yet, Takano is inapposite, because in that case the multiple victims of a two-car crash recovered from the at-fault motorist’s insurance policy. The question before the court was whether the victims could also recover from the victims’ own uninsured motorist endorsement. Id. at 492. In that context, Takano held that the at-fault motorist was underinsured because the victims’ damages exceeded the amount of the at-fault motorist’s insurance coverage and, therefore, the victims could recover from their own uninsured-motorist endorsement. Id. at 494. Here, the multiple victims have already recovered from their own insurance policy up to its limit of liability; nothing in Takano suggests that once victims have recovered the full amount of their liability policy, they are then entitled to recover a second time from their policy’s uninsured motorist endorsement.
*611 In sum, because this case concerns a one-car accident, and because GuideOne’s policy, including provision D.2.b, is not less favorable than Oregon’s model policy, Smith was not entitled to uninsured motorist coverage. The majority’s determination that an insured in a one-car accident can recover not only the full amount of liability coverage under the policy, but also uninsured motorist coverage under the same policy, is inconsistent with both the policy and the Oregon statute. Therefore, I respectfully dissent.