# IN THE TAX COURT OF THE STATE OF OREGON

Henry W. SCHUETTE
and Janice J. Schuette

*v.*

## DEPARTMENT OF REVENUE

(TC 3942)

Russell A. Sandor and Joseph Wetzel, Wetzel DeFrang & Sandor, Portland, represented plaintiffs (taxpayers).

Joseph P. Dunne, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered March 24, 1997.

## CARL N. BYERS, Judge.

Taxpayers appeal from the denial of a portion of the personal income tax credits claimed by them for taxes paid to other states. Taxpayers claimed tax credits based on the aggregate amount of taxes paid to other states. The Department of Revenue (department) ruled that the credits must be separately calculated for each state, resulting in lower total credits. The parties have stipulated the facts and submitted the matter on cross motions for summary judgment.

## FACTS

Taxpayers are husband and wife and longtime residents of Oregon. During the years at issue, 1989 through 1991, one or both of them were shareholders in two S corporations conducting business in more than one state. The corporations were required to and did pay taxes to the other states. As shareholders of the S corporations, taxpayers were entitled to credits for taxes paid to the other states. The amount of taxpayers' income and the amount of taxes paid to the other states are not in dispute. The dispute centers around the appropriate method for calculating the amount of credits allowed resident taxpayers.

ORS 316.082(1)[1] allows a resident taxpayer a credit for taxes paid to another state.[2] However, the amount of the credit is limited as follows:

> "The credit provided under this section shall not exceed the proportion of the *tax* otherwise *due under this chapter* that the amount of the adjusted gross income of the taxpayer derived from sources in the other taxing jurisdiction bears to the entire adjusted gross income of the taxpayer as

---

[1] All references to the Oregon Revised Statutes are to 1989.

[2] ORS 316.082(1) states:

"A resident individual shall be allowed a credit against the tax otherwise due under this chapter for the amount of any income tax imposed on the individual, or on an Oregon S corporation of which the individual is a member (to the extent of the pro rata share of the individual of the S corporation), for the taxable year by another state of the United States or the District of Columbia on income derived from sources therein and that is also subject to tax under this chapter."

modified by this chapter." ORS 316.082(2) (emphasis added).

## ISSUE

May a taxpayer aggregate the income taxed by other states for purposes of calculating the limit under ORS 316.082(2)?[3]

## ANALYSIS

The problem lends itself to explanation by illustration. Assume an Oregon tax rate of nine percent and an Oregon resident taxpayer with a total income of $100,000, resulting in $9,000 of taxes due Oregon. Assume further that a portion of the $100,000 was earned in other states and taxed as follows:

| State | Tax Rate | Mutually Taxed Income | Tax Paid |
|-------|----------|----------------------|----------|
| State #1 | 5% | $10,000 | $500 |
| State #2 | 10% | $10,000 | $1,000 |
| State #3 | 15% | $10,000 | $1,500 |

Under taxpayers' aggregate method, the credit is calculated as follows:

$$\frac{\$\ 30,000}{\$100,000} \ \times \ \$9,000 = \$2,700 \text{ total limit}$$

The department's per-state method of determining the limitation results in the following calculation:

$$\frac{\$\ 10,000}{\$100,000} \ \times \ \$9,000 = \$900 \textit{ or less} \text{ per state}$$

In this example, because the tax in state #1 was only $500, the per state or separate method results in total credits of $2,300. Taxpayers' aggregate method results in total credits of $2,700.

---

[3] Although Oregon's personal income tax law has allowed a credit for taxes paid to other states for many years, apparently this is the first time this particular issue has arisen. Perhaps this is because it only arises where the taxpayer has paid taxes to more than one other state and at least one of those states has a higher tax rate than Oregon.

■ Taxpayers offer several arguments in support of the aggregate method of calculating the limitation. First, taxpayers argue that Oregon is controlled by "all provisions" of federal law, including IRC section 904(a). They contend that the federal law, which uses the aggregate method for calculating a credit for taxes paid to foreign countries, is applicable to Oregon's credit for taxes paid to other states. Taxpayers err in their premise and in their conclusion. Not all provisions of federal law are applicable to Oregon. As taxpayers acknowledge, Oregon's statute does not provide a credit for taxes paid to foreign countries. Yet, taxpayers want to apply the federal method to the calculation of state tax credits. At best, taxpayers are arguing by analogy, not by authority. In the court's view, there are too many differences in the relevant substantive and procedural laws of the two jurisdictions for an analogy to be persuasive.

■ Taxpayers also argue for uniformity, *citing Twentieth Century-Fox Film v. Dept. of Rev.*, 299 Or 220, 700 P2d 1035 (1985). That case is not relevant because it dealt with the Uniform Division of Income for Tax Purposes Act (UDITPA). That law is designed to achieve uniform treatment of taxpayers operating interstate. ORS 316.082 is not a uniform law and does not attempt to address any underlying problem requiring uniform treatment.

Finally, taxpayers argue that three other states allow the aggregate method based on similar statutes. While that fact may be interesting, it says nothing about the intent of the Oregon Legislature in enacting ORS 316.082. There is no evidence Oregon considered the practices or statutory language of other states in enacting its tax credit statute.

■■ The issue before the court concerns the limitation imposed on the credit. That limitation appears designed to provide parity only to the extent of Oregon's tax rate. The limit on the amount of the credit is set by the highest Oregon tax rate paid by the taxpayer on the income taxed by the other state. Even though another state may impose taxes at a higher rate than the taxpayer pays in Oregon, the credit is limited to the "tax ... due under this chapter" on that portion of the taxpayer's income.

■ The aggregate method of calculating the limit is in conflict with this legislative design. The aggregate method offsets taxes imposed by higher-rate states with taxes imposed by lower-rate states, effectively allowing a credit for taxes paid at rates higher than Oregon's. The court finds that method is contrary to the legislature's intent. Also, it is unlikely the Oregon Legislature intended the amount of credit to depend on whether more than one other state was involved. Credits are direct offsets to tax. It is doubtful the legislature intended to let the taxes of states with lesser tax rates offset the taxes of states with higher tax rates.

In addition, ORS 316.082 is cast in the singular. It uses the terms "credit," "tax," "state," and "jurisdiction" all in the singular form. It does not refer to credits, taxes, states, or jurisdictions. Although this grammatical sense is not conclusive, it is consistent with the design of the limit in question.

The court concludes that the legislature intended ORS 316.082(2) to be applied separately to each state. By applying the credit provision separately, the credit will be appropriately limited as intended by the Oregon Legislature. Now, therefore,

IT IS ORDERED that taxpayers' Motion for Summary Judgment is denied and,

IT IS FURTHER ORDERED that the department's Motion for Summary Judgment is granted. Costs to neither party.