Argued and submitted November 7, judgment of the Tax Court affirmed December 26, 1997

Henry W. SCHUETTE
and Janice J. Schuette,
*Appellants,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(OTC 3942; SC S44193)

951 P2d 690

Joseph Wetzel, of Wetzel DeFrang & Sandor, Portland, argued the cause for appellant. With him on the briefs was Russell A. Sandor.

Joseph P. Dunne, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Hardy Myers, Attorney General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

DURHAM, J.

---

** Kulongoski, J., did not participate in the consideration or decision of this case.

## DURHAM, J.

In this appeal from a judgment of the Oregon Tax Court, taxpayers claim that the Tax Court erred in concluding that, under ORS 316.082, a taxpayer must calculate the personal income tax credit for out-of-state taxes paid on a state-by-state basis rather than by aggregating income taxed by other states. For the reasons that follow, we affirm.[1]

Taxpayers, husband and wife, are Oregon residents. From 1989 through 1991, one or both of them were shareholders in two Subchapter S corporations that conducted business in more than one state. *See* ORS 314.730(2), defining "S corporation" for purposes of laws relating to income taxation.[2] The corporations paid taxes to other states. Under ORS 316.082, quoted below, taxpayers are entitled to a credit against their personal income taxes for the taxes paid by the corporations to other states. Taxpayers calculated their Oregon income tax credit for each taxable year by aggregating the income derived from the other states.

The Department of Revenue (the department) issued an order to taxpayers, asserting deficiencies in their Oregon income taxes paid for the taxable years at issue. The department concluded that ORS 316.082 and the applicable administrative rules require taxpayers to determine the tax credit on a state-by-state basis. The department's method resulted in a lower total credit for taxpayers.

---

[1] ORS 305.445 provides, in part:

"The scope of the review of either a decision or order of the tax court judge shall be limited to errors or questions of law or lack of substantial evidence in the record to support the tax court's decision or order. Such appeals, and the review of final decisions and final orders of the tax court, shall be in accordance with the procedure in actions at law on appeal from a circuit court, but without regard to the sum involved."

That version of the statute was enacted as Oregon Laws 1995, chapter 650, section 25, and became effective September 1, 1997. Or Laws 1995, ch 650, § 116(1). That statute replaced ORS 305.445 (1995), which provided for *de novo* review of Tax Court decisions in accordance with the procedure in equity cases. On appeal, this case involves only a question of law. As to questions of law, the standards of review under the 1995 and 1997 versions of ORS 305.445 are identical. Accordingly, we need not decide whether the 1995 or the 1997 version of the statute governs this appeal.

[2] The statutory entity "S corporation" is also known, in the common parlance, as a Subchapter S corporation. In this opinion, we use the statutory designation.

Taxpayers appealed to the Tax Court. The parties stipulated to the facts and submitted the matter on cross-motions for summary judgment. The Tax Court granted the department's motion. *Schuette v. Dept. of Rev.*, 14 OTR 164, 168 (1997).

The parties do not dispute the amount of taxpayers' income, the amount of taxes paid by the S corporations to the other states, or the fact that, as shareholders of the S corporations, taxpayers were entitled to credits for taxes paid to the other states. At issue is whether the appropriate method for calculating the credit allowed taxpayers is the aggregate method or the state-by-state method.

ORS 316.082 provides, in part:

"(1)  A resident individual shall be allowed a credit against the tax otherwise due under this chapter *for the amount of any income tax imposed* on the individual, or on an Oregon S corporation of which the individual is a member (to the extent of the pro rata share of the individual of the S corporation), for the taxable year *by another state* of the United States or the District of Columbia on income derived from sources therein and that is also subject to tax under this chapter.

"(2)  The credit provided under this section shall not exceed the proportion of the tax otherwise due under this chapter that the amount of the adjusted gross income of the taxpayer derived from sources in the other taxing jurisdiction bears to the entire adjusted gross income of the taxpayer as modified by this chapter.

"* * * * *

"(5)  Credit shall not be allowed under this section for income taxes paid to a state which allows a nonresident a credit against the income taxes imposed by that state for taxes paid or payable to the state of residence. It is the purpose of this subsection to avoid duplicative taxation through use of a nonresident, rather than a resident, credit for taxes paid or payable to another state." (Emphasis added.)

This court's duty in interpreting a statute is to discern the legislature's intent. ORS 174.020; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993).

We, therefore, must interpret ORS 316.082 to determine whether the legislature intended taxpayers to use the aggregate method or the state-by-state method.[3] We first examine the text and context of the statute. *Id.* at 610-11. We conclude that the text and context of the statute make it clear that the legislature intended that taxpayers calculate the credit on a state-by-state basis.

ORS 316.082(1) allows an Oregon resident a credit against Oregon income taxes for "the amount of any income tax imposed * * * by another state" on income derived from sources in that state. ORS 316.082(2) limits the amount of the credit to the amount of Oregon income tax attributable to the income derived in another state. If a taxpayer earns income in another state that taxes income at a rate lower than Oregon, subsection (1) limits the credit to the amount of income tax that the taxpayer paid on that income in the other state. If a taxpayer earns income in another state that taxes income at a rate higher than Oregon, subsection (2) limits the credit to the amount of tax that the taxpayer would have paid on that income in Oregon.

Taxpayers argue that ORS 316.082 does not require a specific method of calculating out-of-state income and does not prohibit use of the aggregate method. Additionally, they argue that their credit under the aggregate method does not exceed the proportional limitation described in subsection (2) of the statute.

We see two flaws in taxpayers' arguments. First, ORS 316.082 repeatedly refers to the out-of-state taxing jurisdiction in singular, not plural, terms. Subsection (1) allows a credit "for the amount of any income tax imposed * * * by another *state*." (Emphasis added.) Subsection (2) imposes a limitation on the credit that is calculated in part by reference to taxpayer income "derived from sources in *the other taxing jurisdiction*." (Emphasis added.) Subsection (5) disallows the credit if the other state allows the taxpayer a nonresident income tax credit for taxes paid or payable to the state of residence. Subsection (5) refers to the other state

---

[3] The state contends that the court should begin its analysis with the interpretation of the department's rule, OAR 150-316.082(2)(1). We have examined the rule, but conclude that it does not assist in the resolution of plaintiff's argument.

three times in the singular (*i.e.*, "a state," "that state," "another state"). ORS 316.082 never refers to the other taxing jurisdiction in the plural. The legislature's repeated use of singular terms to describe the out-of-state taxing jurisdiction suggests that the legislature did not intend to permit the taxpayer to calculate the credit by aggregating income derived from several other states.

Second, contrary to taxpayers' argument, the aggregate method evades the limitation in subsection (2). Under the aggregate method, taxpayers add all income derived in other states, divide the sum by the amount of Oregon income subject to taxation, and multiply the result by the amount of tax due on the Oregon income. As noted, subsection (2) limits the credit to the amount of tax that the taxpayer would have paid on the same income in Oregon. If another jurisdiction taxes income at a rate higher than Oregon, subsection (2) disallows the credit for taxes paid to the other state in excess of the amount of tax that Oregon would impose on the same income. The aggregate method would allow taxpayer to offset out-of-state income that is taxed *below* Oregon's rate with out-of-state income that is taxed *above* Oregon's rate and that exceeds the income to which the limitation in subsection (2) applies. In effect, the aggregate method would entitle the taxpayer to obtain greater credit than the "proportion of the tax" described in subsection (2) and, thereby, receive credit against taxes not actually paid in another jurisdiction, in violation of subsection (1).

Taxpayers urge the court to disregard those inconsistencies between the aggregate method and ORS 316.082. They claim that, by reason of ORS 314.011(3)[4] and ORS 316.032(3),[5] federal law controls here and expressly permits

---

[4] ORS 314.011(3) provides, in part:

"Insofar as is practicable in the administration of this chapter, the department shall apply and follow the administrative and judicial interpretations of the federal income tax law."

[5] ORS 316.032(3) provides:

"When portions of the Internal Revenue Code incorporated by reference as provided in ORS 316.007 or 316.012 refer to rules or regulations prescribed by the Secretary of the Treasury, then such rules or regulations shall be regarded as rules adopted by the department under and in accordance with the provisions of this chapter, whenever they are prescribed or amended."

use of the aggregate method to calculate the federal tax credit for taxes paid to foreign countries. *See* 26 USC § 904(a) (1994) (describing federal income tax credit for taxes paid to a foreign country).

We reject that argument. The policy embodied in the federal statute on which taxpayers rely is distinguishable from that reflected in ORS 316.082. That statute expresses a standard that applies independent of the content of any federal tax law. Thus, in the terms of ORS 314.011(3), it is not "practicable" for the department, in construing ORS 316.082, to apply "administrative and judicial interpretations of federal income tax law." ORS 316.032(3) is inapplicable here because ORS 316.082 does not incorporate by reference, as provided in ORS 316.007 or 316.012, any portion of the Internal Revenue Code.

We conclude that ORS 316.082 demonstrates that the legislature intended that the credit for taxes paid to another state would be calculated by determining the taxpayer's income on a state-by-state basis, not by aggregating the taxpayer's income from all states. Because the text and context are clear regarding the issue that taxpayers raise, our statutory interpretation task is at an end.

On the basis of the foregoing discussion, we conclude that the Tax Court did not err in granting summary judgment to the department.

The judgment of the Tax Court is affirmed.