Argued and submitted September 6, 2006, reversed and remanded January 3, 2007

# EMPLOYMENT DEPARTMENT,
*Petitioner,*

*v.*

# STOCK SECRETS, INC.,
*Respondent.*

## 05-TAX-00070; A129371

150 P3d 1090

Paul L. Smith, Assistant Attorney General, argued the cause for petitioner. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge,* and Linder, Judge pro tempore.

LINDER, J. pro tempore.

---

* Brewer, C. J., *vice* Ceniceros, S. J.

## LINDER, J. pro tempore

Petitioner, the State of Oregon Employment Department, seeks review of a final order of an administrative law judge (ALJ) exempting respondent, a corporation, from paying unemployment insurance taxes. More specifically, the ALJ determined that the corporation, which is owned and controlled by a single individual, qualifies for an exemption pursuant to a statute that applies to family-owned and controlled corporations. The department argues that respondent does not qualify for the exemption because, as "family" is defined by the legislature for this purpose, the exemption applies only where two or more members of the same family substantially own and control the corporation. Because we agree, we reverse and remand.

The department does not challenge the ALJ's factual findings, so we draw the following facts from the ALJ's final order. Respondent, Stock Secrets, Inc., is a corporation that is wholly owned by Matt Morsa. Respondent is, in effect, a one-person operation. Morsa is respondent's president and only officer, its only shareholder, and its only paid employee.

Morsa requested that the department exempt the corporation from paying unemployment insurance taxes pursuant to ORS 657.044, which gives corporations an exemption for work performed by corporate officers who are directors of the corporation, have a substantial ownership in it, and who are "members of the same family." Morsa claimed that he met all three criteria. The department agreed that, as the sole owner and only officer of the corporation, he met the first two. The department denied the requested exemption, however, because it concluded that Morsa, as a single individual, did not meet the statutory requirement of being a "family." As the department understands that requirement, a corporation must be owned and controlled by two or more individuals with a familial relationship to qualify for the exemption. Morsa's sole ownership and control therefore did not meet the statute's requirements.

Respondent administratively challenged the department's denial. The ALJ determined that the legislature did not delegate to the department the authority to interpret a

"family" to consist of two or more individuals, as the department has done by administrative rule. Relying on his understanding of the policy that the legislature sought to further, the ALJ concluded that the legislature intended to allow small corporations, including those owned by a single individual, to be entitled to an exemption from unemployment insurance taxes for its corporate officer. Because the ALJ's conclusion turns on the meaning of a statutory term, we review the ALJ's decision for legal correctness. *See* ORS 183.482(8)(a); *Springfield Education Assn. v. School Dist.*, 290 Or 217, 224, 621 P2d 547 (1980) ("The determination of the meaning of a statute is one of law, ultimately for the court.").

■ As a general proposition, employers are required to pay unemployment insurance taxes on all wages paid for services performed by employees. *See* ORS 657.505. For that obligation to attach, the services performed must qualify as "employment," as defined in ORS 657.030 to 657.094. The statutory scheme begins with an encompassing definition of employment as meaning "service[s] for an employer * * * performed for remuneration or under any contract of hire, written or oral, express or implied." ORS 657.030(1). It then sets forth exclusions for many activities that would otherwise qualify as "employment." The specific exclusion pertinent to this case is contained in ORS 657.044(1)(a), which provides, in part:

> "As used in this chapter, 'employment' does not include service performed for:
>
> "(a)  A corporation by corporate officers who are directors of the corporation, who have a substantial ownership interest in the corporation *and who are members of the same family* if the corporation elects not to provide coverage for those individuals."

(Emphasis added.) The statute then defines the terminology that is at issue in this case. ORS 657.044(3) provides:

> "As used in this section, 'members of the same family' means persons who are members of a family as parents, stepparents, grandparents, spouses, sons-in-law, daughters-in-law, brothers, sisters, children, stepchildren, adopted children or grandchildren."

By rule, the department has clarified its understanding that the term "family," as used in ORS 657.044(1)(a), means *"two or more individuals related* as parents, stepparents, grandparents, spouses, sons-in-law, daughters-in-law, brothers, sisters, children, stepchildren, adopted children or grandchildren." OAR 471-031-0017(1)(b) (emphasis added).

■     The crux of the issue in this case is whether the department's understanding of the statutory term "family," as reflected in its administrative rule, is correct.[1] If so, a family, for purposes of ORS 657.044(1)(a), must consist of "two or more individuals" and an individually owned corporation, such as this one, does not qualify for the exemption. The issue is one of statutory interpretation, and we begin by examining the text and context of the statute, because a statute's wording "is the best evidence of the legislature's intent." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993).

As our earlier quotation of ORS 657.044(3) reveals, the legislature expressly defined "members of the same family" to mean "persons who are members of a family as parents, stepparents, grandparents, spouses, sons-in-law, daughters-in-law, brothers, sisters, children, stepchildren, adopted children or grandchildren." The definition expressly requires a family *relationship* between "persons." In particular, those persons must be members of a family "as" parents, stepparents, and so on. As the department correctly observes, a person cannot be a parent to himself, a spouse to himself, his own child, his own in-law, or have any of the other relationships specified in the statute. In keeping with that understanding of the legislature's intended meaning, the statute consistently uses plural rather than singular references (*e.g.*, corporate "officers," corporate "directors," and family "members"). *See Schuette v. Dept. of Revenue*, 326 Or 213, 217-18,

---

[1] The ALJ concluded, and the department agrees, that the term "family," as defined in the statute, is sufficiently precise that the agency's only role is to interpret what the legislature intended the definition to cover; the agency has no policy-making authority in that regard. We likewise agree. *See Springfield*, 290 Or at 224, 228 (distinguishing between delegative terms, which give an agency delegated authority to complete the legislative scheme and broaden or narrow the policies involved, and inexact terms, which permit the agency to interpret the legislature's intended meaning only).

951 P2d 690 (1997) (the repeated use of a singular or plural noun form provides some indication of the legislature's intent).

Finally, as the department correctly argues, even apart from the definition provided by the legislature, the term "family" is a "quintessential example" of a collective noun—*i.e.*, a noun that most naturally refers to a collection of things or persons as a unit. *See Webster's Third New Int'l Dictionary* 444 (unabridged ed 2002) (defining "collective": "**1 a** *of a word or term* : indicating a number of persons or things considered as constituting one group or aggregate ‹*family* and *flock* are *collective* words› **b** *of a noun or pronoun* : singular in form but sometimes or always plural in construction ‹*family* in 'the family were proud' is a *collective* word›"). Various dictionary definitions of the word "family" similarly denote a group of individuals with a common affiliation or ancestry.[2]

In reaching a contrary conclusion, the ALJ did not specifically discuss the text of ORS 657.044(3), but he did find dictionary definitions "unhelpful." He concluded that a single individual can form a family unit, reasoning:

> "A better way to consider the true meaning of the statute is to try to determine when someone would not be in the same family. By looking from this angle, it is clear that one person would never be considered to be outside of his or her own family. That is, Matt Morsa is a member of the Morsa family. He is a member of the Matt Morsa family. While there may be other members of his family (however defined), he is always a member of his own family."

The ALJ also reviewed the legislative history of the statute and observed that it contained "no discussion * * * about whether it would cover only companies with at least two employees who were related; or whether it would cover those who were effectively operating as 'sole proprietors' while in

---

[2] *See generally Webster's* at 821 (variously defining "family," usually as a collection of people). The only exception noted in *Webster's* is when the term is used to refer to a "household," in which case, it can include for purposes like a census "at one extreme a single person living alone and at the other extreme, the residents of a hotel or the inmates of a prison." *Id.* Nothing in the legislature's use of the term in ORS 657.044(3) suggests either extreme and uncommon use or understanding of the term.

corporate status." Rather, all that the ALJ could glean from the pertinent testimony was that the exemption was intended to address concerns of "small companies." From that, the ALJ concluded: "I find the intent of the legislature to be absolutely clear. There is no smaller business than one with a single shareholder, operating as the sole employee."

The problem with the ALJ's approach is that it reads more into the legislative history than is there and, in the process, disregards entirely the plain text of the definition contained in ORS 657.044(3).[3] By way of that definition, the legislature has expressly provided that, to qualify as members of the same family, the persons involved must have a particular *relationship to someone else*—they must be a parent, a stepparent, a child, or in-law, a spouse, and so on. A sole owner and director of a corporation does not have such a relationship with any other director and owner of the corporation, because there are no other directors or owners. The department's rule, thus, simply makes express what is implicit in the definition contained in ORS 657.044(3). To qualify for an exemption under the statute requires there to be "two or more individuals" who are related to each other in one of the specified ways. Respondent, as a corporation wholly owned by a single individual, did not qualify for an exemption under the statute.

Reversed and remanded.

---

[3] The ALJ's reasoning also proves too much. The line drawn by the statute is a line between family-owned businesses and non-family-owned businesses, not small ones and large ones, as the ALJ concluded. If, for example, two lifelong but unrelated friends go into business together and are their corporation's only directors, only owners, and only employees, they do not qualify for the exemption. If, however, the two lifelong friends happen also to be brothers, the exemption applies. The legislature chose to treat an individually owned business like any other closely held small corporation, rather than like one that is owned and operated by multiple family members. That was the legislature's policy choice to make, just as it is the legislature's policy choice to change.