DECISION
Plaintiffs appeal Defendant's Notice of Deficiency Assessment for tax year 2004. This matter is before the court on cross motions for summary judgment filed by the parties. There is no dispute of material fact. Oral argument was held February 17, 2009.
 I. STATEMENT OF FACTS
Plaintiffs are Oregon residents who have an ownership interest in a business that operates in various states. On their 2004 Oregon state income tax return, Plaintiffs claimed credits for their share of Subchapter S corporate income mutually taxed by Wisconsin and Iowa.
On audit, Defendant limited Plaintiffs' "credit for taxes paid to another state pursuant to ORS 316.082." (Def s Reply to Ptfs' Mot for Summ J and Mot for Summ J (Reply) at 4.) Defendant concluded that "the credit is limited to the amount of tax that the taxpayer would have paid (or did pay) on the same gross income in Oregon. Schuette, 326 Or at 218."[1] (Def s Reply at 5.) *Page 2 
Plaintiffs challenge Defendant's proposed adjustments. Plaintiffs concluded that
 "[t]he current formula calculation for allowances of income taxes paid by pass-through entities from non-resident states in the current case is inconsistent with legislative intent in that:
 "1) It was clearly the conclusion of the Senate Finance Committee that the adoption of rules consistent with certain model multi-state income tax issues should result in no more of a tax burden to individual taxpayers than that which would result had the inclusionary income from non-resident sources been sitused solely in the state of Oregon.
 "2) Disallowance of the credit to the taxpayers results in an inequitable tax burden through double taxation of that inclusionary income.
 3) The resultant calculation creates an inequity by and between similarly situated taxpayers, but for the non-resident sitused income, equal treatment under the law appears to be violated."
(Ptfs' Mot for Summ J (Motion) at 4-5.)
 II. ANALYSIS
Plaintiffs challenge Defendant's method of calculating their allowable credit for taxes paid to another state. Oregon allows an individual who owns an interest in a pass-through entity such as Plaintiffs to claim a credit for tax paid to another state on income taxed in other states in addition to Oregon. The allowable tax credit must be computed following the statutory provisions of ORS 316.082.[2] That statute provides, in part:
 "(1) A resident individual shall be allowed a credit against the tax otherwise due under this chapter for the amount of any income tax imposed on the individual, or on an Oregon S corporation or Oregon partnership of which the individual is a member (to the extent of the individual's pro rata share of the S corporation or or distributive share of the partnership), for the tax year by another state on income derived from sources therein and that is also subject to tax under this chapter.
 "(2) The credit provided under this section shall not exceed the proportion of the tax otherwise due under this chapter that the amount of the modified adjusted gross income of the taxpayer derived from sources in the other state bears to the entire modified adjusted gross income of the taxpayer. *Page 3 
 * * * * *
 "(6) The Department of Revenue may adopt rules under this section that provide a credit against the tax imposed by this chapter when the department considers the credit necessary to avoid taxation of the same income by this state and another state."
The parties stipulate that the "modified adjusted gross income derived from sources in the other state[s]" that was mutually taxed was $20,455 in Wisconsin and $167,657 in Iowa. ORS 316.082(2); (Stip Facts 1, 3.) Plaintiffs' Oregon modified adjusted gross income was $9,645,531. (Stip Fact 8.) Oregon state income tax assessed was $32,219. (Stip Fact 6.) Iowa Franchise Tax withheld was $8,536. (Stip Fact 4.) Plaintiffs paid Wisconsin tax in the amount of $1,381. (Stip Fact 2.) Plaintiffs seek a credit for Iowa withholding in the amount of $8,536 and Wisconsin income tax in the amount of $1,381 against their Oregon state income tax. In sum, the stipulated facts of this case state that a portion of Plaintiffs' modified adjusted income was taxed in other states as follows:

State Mutually Taxed Income Tax Paid/Withheld Computed Tax Rate[3]
Iowa $167,657 $8,536 5.1 percent
Wisconsin $20,455 $1,381 6.8 percent

ORS 316.082(2) states that the allowable credit is computed as follows:
Mutually taxed income X Oregon net income tax = Oregon tax credit on mutually
Modified adjusted gross income taxed income

The Oregon Supreme Court interpreted ORS 316.082(2) in Schuette. The Court stated that "ORS 316.082(2) limits the amount of the credit to the amount of Oregon income tax attributable to the income derived in another state. * * * If a taxpayer earns income in another state that taxes income at a rate higher than Oregon, subsection (2) limits the credit to the amount of tax that the taxpayer would have paid on that income in Oregon." Schuette, 326 Or at 217. *Page 4 
If the court allowed Plaintiffs an Oregon tax credit in the full amount of the Iowa Franchise Tax withheld ($8,536), the amount of the credit would be five percent on the mutually taxed income ($167,657). The result would be similar for the Wisconsin income tax; the amount of the credit would be 6.8 percent on the mutually taxed income ($20,455). However, the actual Oregon tax rate on the mutually taxed income was approximately .3 percent.[4]
Plaintiffs rely on an Oregon Department of Revenue employee's testimony in support of Senate Bill 257 for their assertion that they are entitled to the full amount of Iowa Franchise Tax withheld and Wisconsin income tax. The Oregon Department of Revenue employee appeared before the Senate Revenue Committee to testify in support of a measure to "[a]llow credit for taxes paid to another state to be claimed when another state imposes tax on an entity that in Oregon is treated as a partnership." (Ptfs' Ex 1999 Senate Committee Revenue, Public Hearing on SB 257 at 2.)[5] In response to a hypothetical situation posed by Vice Chair Wilde, the Oregon Department of Revenue employee stated as follows:
 "If you are an Oregon resident you pay on a 100% of your income. You also would pay to Idaho, however Oregon would grant a tax credit for the share you paid to Idaho. You do not pay more than 100% of the tax between the states."
(Id. at 3,4.) Plaintiffs interpret that response to mean that whatever amount of tax was paid on mutually taxed income in another state should, in most cases, be credited against Oregon income *Page 5 
tax. Plaintiffs suggest that the court follow its own holding inAvni v. Dept. of Rev., stating that "[w]hen interpreting a statute, the objective of the court is to determine the intent of the legislature."Avni, TC-MD No 990929E (July 6, 2000) at 4.
In this case, the court cannot undertake its own independent review of "the intent of the legislature" because the Oregon Supreme Court inSchuette interpreted the statute and there have been no substantive changes to the statutory provisions interpreted by the court. The court must follow the Schuette holding: Subsection (2) "limits the credit to the amount of tax that the taxpayer would have paid on the same income in Oregon. If another jurisdiction taxes income at a rate higher than Oregon, subsection (2) disallows the credit for taxes paid to the other state in excess of the amount of tax that Oregon would impose on the same income." Schuette 326 Or at 218. In the case before this court, Iowa and Wisconsin imposed a tax rate higher than Oregon on the same mutually taxed income. Plaintiffs are only allowed a tax credit at the Oregon tax rate assessed on the mutually taxed income. Under ORS316.082(2), Plaintiffs' are entitled to a credit of $560 for Iowa and $68.33 for Wisconsin. (Def's Reply at 6.)[6]
 III. CONCLUSION
In summary, "ORS 316.082(1) allows an Oregon resident a credit against Oregon income taxes for `the amount of any income tax imposed * * * by another state' on income derived from sources in that state. ORS 316.082(2) limits the amount of the credit to the amount of Oregon income tax attributable to the income derived in another state. * * * If a taxpayer earns income in another state that taxes income at a rate higher than Oregon, subsection (2) limits the credit to the amount of tax that the taxpayer would have paid on that income in Oregon." Schuette, 326 Or 217. Plaintiffs request a tax credit for a nonrefundable amount that was withheld in *Page 6 
Iowa and income taxes paid in Wisconsin in excess of the "amount of tax that" was assessed "on that income in Oregon." Id. Plaintiffs' request for relief must be denied. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' Motion for Summary Judgment is denied; and
IT IS FURTHER DECIDED that Defendant's cross motion for summary judgment is granted.
Dated this day of March 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onMarch 31, 2009. The Court filed and entered this document on March 31,2009.
[1] Schuettte v. Dept. of Revenue (Schuette), 326 Or 213 (1997).
[2] References to the Oregon Revised Statutes (ORS) are to the 2003 edition.
[3] Computed tax rate is equal to tax paid or withheld divided by mutually taxed income.
[4] Oregon income tax ($32,219) divided by modified adjusted gross income ($9,645,531) is .33 percent. The statute does not allow a tax credit based on Oregon's highest marginal tax rate (9 percent) for individuals. The statute allows a credit for taxes paid on mutually taxed income at a computed rate derived from a taxpayer's modified adjusted gross income. Modified adjusted gross income is defined as "adjusted gross income as modified under ORS Chapter 316, but only as to items related to federal adjusted gross income." Oregon Administrative Rule 150-316.082(2)(2)(b) (2003).
[5] This transcript is attached to Ptfs' Mot for Summ J. The exhibit pages are unnumbered and not separated. The above page number refers to the internal page number of the transcript.
[6] Defendant orally corrected the typographical error in the following sentence: "Oregon only charged $5[3]60 of tax on the $167,657 of gross income, so that is all the credit Oregon will allow." (Def's Reply at 6.)